IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TEXARKANA DIVISION

| | | |
|---|---|---|
| SCOTT ALLDER,<br>　　　Plaintiff<br><br>v.<br><br>ROADCLIPPER ENTERPRISES INC.<br>d/b/a DIAMOND C TRAILERS,<br>　　　Defendant. | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§ | 5:23-CV-00013-RWS-JBB |

**ORDER**

The above-captioned case was referred to the United States Magistrate Judge pursuant to 28 U.S.C. § 636. The Report and Recommendation of the Magistrate Judge (Docket No. 22 [hereinafter R&R]) contains his proposed findings of fact and recommendations for the disposition of Defendant's Rule 12(b)(6) Motion to Dismiss (Docket No. 8).

Plaintiff Scott Allder, proceeding *pro se*, brings this employment discrimination lawsuit against Defendant Roadclipper Enterprises d/b/a Diamond C Trailers ("Defendant"). On February 7, 2023, Plaintiff filed two form complaints: (1) Complaint Under Title VII of the Civil Rights Act of 1964 ("Title VII complaint") (Docket No. 1 at 1-4); and (2) Complaint for Employment Discrimination ("employment discrimination complaint") (Docket No. 1 at 5-10). In the Title VII complaint, Plaintiff alleges Defendant discriminated against him on the basis of color, national origin, and sex. *Id.* at 2-3. In the form employment discrimination complaint, Plaintiff alleges Defendant and its owner discriminated against him on the basis of basis of color (white), national origin (American), and age (born 1969). *Id.* at 8.

On April 12, 2023, Defendant moved to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) each of the claims referenced in Plaintiff's complaints and attached Charge of

Discrimination (sex discrimination, age discrimination, and color/national origin discrimination). Docket No. 8 at 2. The motion sought the dismissal of Plaintiff's sex and age discrimination claims for failure to exhaust administrative remedies and because age is not a protected class under Title VII of the Civil Rights Act of 1964, respectively. The motion also sought the dismissal of Plaintiff's age, color, and national origin discrimination claims because Plaintiff did not plead facts supporting a claim for relief and because Plaintiff affirmatively alleged a legitimate, nondiscriminatory reason for his termination. Lastly, the motion asserted that any claim against Defendant's owner should be dismissed because Plaintiff improperly named the owner of Diamond C as a defendant.[1]

On July 18, 2023, the Magistrate Judge issued the R&R, recommending Defendant's motion be granted-in-part and denied-in-part. R&R at 16. Specifically, the Magistrate Judge recommends Defendant's motion be granted as to Plaintiff's sex discrimination claim for failure to exhaust administrative remedies and denied without prejudice to refiling as to Plaintiff's age, color, and national origin discrimination claims. *Id.* The Magistrate Judge recommends that Plaintiff's age discrimination claim be liberally construed as a claim arising under the Age Discrimination in Employment Act ("ADEA"), rather than a claim under Title VII. R&R at 9–10.

Regarding Plaintiff's age discrimination claim, the Magistrate Judge notes Plaintiff's lone reference to his birth year in his complaint and finds that Plaintiff fails to "state a plausible claim for age discrimination" because Plaintiff's complaint "fails to plead any facts showing he was

---

[1] In the R&R, the Magistrate Judge noted the owner of Diamond C Trailers has not been listed on the docket as a defendant and Plaintiff indicated at the June 6, 2023 hearing that he did not intend to include the owner as a defendant. R&R at 3 n.1. Therefore, the Magistrate Judge did not address Defendant's last argument. *Id.*

Page **2** of **6**

discharged because of his age or that he was replaced by someone younger or treated less favorably than similarly situated younger employees." *Id*. at 12. The Magistrate Judge further finds that Plaintiff fails to state a claim regarding color/national origin discrimination. According to the Magistrate Judge, "[e]ven liberally construed, the complaint does not reference acts or omission[s] attributable to Defendant that could be considered discriminatory based on Plaintiff's color or national origin." *Id.* at 14.

Rather than recommend dismissal at this stage, the Magistrate Judge recommends Plaintiff be allowed to file an amended complaint with sufficient facts to state plausible claims for age and color/national origin discrimination and that this part of Defendant's motion be denied without prejudice to refiling. *Id.* at 15. The Magistrate Judge recommends Plaintiff be ordered to file, within twenty (20) days from the date of any order adopting the R&R, an amended complaint "with sufficient allegations to state plausible claims for age discrimination and color/national origin discrimination to satisfy Federal Rule of Civil Procedure 12(b)(6)" and that Plaintiff be advised that failure to comply by the deadline set "will result in dismissal of this lawsuit." *Id*. at 16.

The Magistrate Judge ordered that any objections to the R&R must be filed within fourteen days of receipt of the R&R. *Id*. at 16-17. The Magistrate Judge further noted a party's failure to file specific, written objections to the recommendations contained in the R&R would bar that party from *de novo* review by the District Judge of those findings, conclusions, and recommendations and, except on grounds of plain error, from appellate review of unobjected-to factual findings and legal conclusions accepted and adopted by the District Court. *Id.*

On July 25, 2023, Plaintiff filed a letter in response to the R&R, asserting as follows:

> Judge Baxter,
>
> I have received your letter, so I will try to explain. The reason why I also mentioned that there might also be age discrimination is during my research for attorneys I discussed that issue with a few, and a couple of them did mention that depending on the employer and the circumstances that the employer might discreetly consider that. Being a CWI for the past 24 years and working on several high profile projects I have learned to " cover my ass in regards to any legal issues that may arise. I noticed within the first day or so of employment @Diamond C and being assigned to the QC department that I was the oldest person in that department, and noticed that other individuals in that department were in their 30's and early 40's. I also noticed thru out the whole plant that the majority of other employees were also very young, and my impression of that is that the employer wants to hire younger less experienced and less qualified people knowing that they can pay lower wages thus increasing profits for the company. To this day almost a year and half later, I still have not received any kind of termination letter from the employer with an explanation of why I was terminated, so what does that say about the company??
>
> Sincerely,
> Scott Allder

Docket No. 24 at 1.

On August 8, 2023, Defendant filed a response to Plaintiff's "objection" and motion for clarification of the motion to dismiss deadline. Docket No. 25. Defendant first points out Plaintiff's letter is "devoid of specific objections, does not identify the findings or recommendations to which he objects, and contains new, unpleaded allegations that were not part of Plaintiff's Complaint." *Id.* at 1. To the extent the Court construes Plaintiff's letter as an objection to the R&R, Defendant asserts the Court should overrule the objections because Plaintiff fails to identify specific findings or recommendations in the R&R that Plaintiff believes were incorrect and the Court should not consider "Plaintiff's unpleaded allegations included for the first time." *Id.* at 1-2. To the extent the Court considers Plaintiff's letter as an attempt to amend with new factual allegations, Defendant requests the Court set a briefing schedule for a renewed motion under Rule 12. *Id.* at 2.

The Magistrate Judge made a recommendation to the undersigned that the Court grant Plaintiff leave to amend his complaint. In response, Plaintiff wrote a letter of explanation to the Magistrate Judge wherein he included new factual allegations regarding his age discrimination claim. Plaintiff does not identify any deficiency in the R&R nor lodge any objections (much less specific objections) to the findings and conclusions contained therein. Thus, the Court does not construe Plaintiff's letter as objections to the R&R; rather, the Court construes the letter as Plaintiff's attempt to address certain deficiencies identified in the R&R as to the age discrimination claim.

Because no specific, written objections have been filed to the R&R, any aggrieved party is barred from *de novo* review of the proposed findings and recommendations of the Magistrate Judge. The Court is of the opinion the findings and conclusions of the Magistrate Judge are correct. Accordingly, it is

**ORDERED** that the Court **ADOPTS** the Report and Recommendation of the United States Magistrate Judge (Docket No. 22) as the findings and conclusions of this Court.

**ORDERED** that Defendant's Rule 12(b)(6) Motion to Dismiss (Docket No. 8) is **GRANTED** as to Plaintiff's sex discrimination claim and **DENIED WITHOUT PREJUDICE** as to Plaintiff's age discrimination and color/national origin discrimination claims. It is further

**ORDERED** that Plaintiff's sex discrimination claim is **DISMISSED WITHOUT PREJUDICE**. It is further

**ORDERED** that Plaintiff shall file, within twenty (20) days from receipt of this order, an amended complaint with sufficient allegations to state plausible claims for age discrimination and color/national origin discrimination to satisfy Federal Rule of Civil Procedure 12(b)(6). Plaintiff

is advised that failure to file an amended complaint that corrects the deficiencies described in the July 18, 2023 Report and Recommendation, within the time prescribed herein, will result in the dismissal of Plaintiff's above-captioned case.  It is further

**ORDERED** that to the extent Plaintiff files an amended complaint within the time prescribed herein, to the extent warranted, Defendant may file a renewed motion under Rule 12(b)(6) within twenty (20) days thereafter.

**So ORDERED and SIGNED this 26th day of September, 2023.**

ROBERT W. SCHROEDER III
UNITED STATES DISTRICT JUDGE