IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TEXARKANA DIVISION

| | | |
|---|---|---|
| SCOTT ALLDER | § | |
| v. | § | No. 5:23cv13-RWS-JBB |
| ROADCLIPPER ENTERPRISES INC. d/b/a DIAMOND C TRAILERS | § | |

**REPORT AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

The above *pro se* case has been referred to the undersigned Magistrate Judge for pretrial purposes in accordance with 28 U.S.C. § 636. The Court *sua sponte* recommends Plaintiff's above-entitled and numbered cause of action be **DISMISSED WITH PREJUDICE** for failure to state a claim and also for failure to amend as ordered.

**BACKGROUND**

*Plaintiff's complaint*

Plaintiff Scott Allder ("Plaintiff"), proceeding *pro se*, brings this employment discrimination lawsuit against Defendant Roadclipper Enterprises d/b/a Diamond C Trailers ("Defendant"). On February 7, 2023, Plaintiff filed two form complaints: (1) Complaint Under Title VII of the Civil Rights Act of 1964 ("Title VII complaint") (Dkt. No. 1 at 1-4); and (2) Complaint for Employment Discrimination ("employment discrimination complaint") (Dkt. No. 1 at 5-10). In the Title VII complaint, Plaintiff alleges Defendant discriminated against him on the basis of color, national origin, and sex. *Id.* at 2-3. In the form employment discrimination complaint, Plaintiff alleges Defendant and its owner discriminated against him on the basis of basis of color (white), national origin (American), and age (born 1969). *Id.* at 8.

*July 18, 2023 Report and Recommendation*

On April 12, 2023, Defendant moved, pursuant to Federal Rule of Civil Procedure 12(b)(6), to dismiss each of the claims referenced in Plaintiff's complaints and attached Charge of Discrimination (sex discrimination, age discrimination, and color/national origin discrimination). Dkt. No. 8 at 2. The motion sought the dismissal of Plaintiff's sex and age discrimination claims for failure to exhaust administrative remedies and because age is not a protected class under Title VII of the Civil Rights Act of 1964, respectively. The motion also sought the dismissal of Plaintiff's age, color, and national origin discrimination claims because Plaintiff did not plead facts supporting a claim for relief and because Plaintiff affirmatively alleged a legitimate, nondiscriminatory reason for his termination. Lastly, the motion asserted that any claim against Defendant's owner should be dismissed because Plaintiff improperly named the owner of Diamond C as a defendant.[1]

On July 18, 2023, the undersigned issued a Report and Recommendation ("R&R"), recommending Defendant's motion be granted in part and denied in part. Specifically, the undersigned recommended Defendant's motion be granted as to Plaintiff's sex discrimination claim for failure to exhaust administrative remedies and denied without prejudice to refiling as to Plaintiff's age, color, and national origin discrimination claims.

Regarding Plaintiff's age discrimination claim, the Court liberally construed that as a claim arising under the Age Discrimination in Employment Act ("ADEA"), rather than a claim under Title VII, R&R at 9-10, but noted the only fact in support was a lone reference to Plaintiff's birth year. *Id.* at 12. Accordingly, the undersigned found that Plaintiff fails to "state a plausible claim for age discrimination" because Plaintiff's complaint "fails to plead any facts showing he was discharged

---

[1] In the R&R, the undersigned noted the owner of Diamond C Trailers has not been listed on the docket as a defendant and Plaintiff indicated at the June 6, 2023 hearing that he did not intent to include the owner as a defendant. R&R at 3 n. 1. Therefore, the undersigned did not address Defendant's last argument. *Id.*

because of his age or that he was replaced by someone younger or treated less favorably than similarly situated younger employees." *Id*. Regarding Plaintiff's color/national origin discrimination claim, the R&R explained that "[e]ven liberally construed, the complaint does not reference acts or omission[s] attributable to Defendant that could be considered discriminatory based on Plaintiff's color or national origin." *Id.* at 14. Given these deficiencies, the undersigned recommended that Plaintiff be allowed to file an amended complaint with sufficient facts to state plausible claims for age and color/national origin discrimination and that this part of Defendant's motion be denied without prejudice to refiling. *Id.* at 15.

***Accommodations for electronic service***

On August 22, 2023, Plaintiff filed a notice of unavailability, stating he had to leave the state to attend to a family member for what is expected to be four to five months. Dkt. No. 26. According to Plaintiff, he would not be available to receive or respond to any further documents either certified or otherwise and would contact the Court "asap if and when the situation changes." *Id.*

On August 24, 2023, the Court entered an order, advising Plaintiff that he is responsible for prosecuting the case and for complying with court orders. Dkt. No. 27 at 1. Based on Plaintiff's representation in the notice that he would be out of the state for possibly four to five months, the Court ordered the Clerk of the Court to forward to Plaintiff, along with the August 24 Order, a copy of the Eastern District of Texas' Pro Se Litigant's Consent to Receive Electronic Notice. *Id.* at 2. The Court further ordered that within fifteen days from the date of receipt of the August 24 Order, Plaintiff shall return the completed and signed consent form containing his e-mail for electronic service so that during his time away from home, Plaintiff would receive electronic notification of all court filings and be able to communicate with the attorneys representing the defendants, as necessary. *Id.* (advising Plaintiff that during his time away he is expected to stay involved in both cases and to adhere to any deadlines contained in the Federal or Local Rules or in Court filings e-mailed to him and further instructing Plaintiff to notify the Court upon his return home). On

September 1, 2023, Plaintiff provided his consent to receive electronic notice. Dkt. No. 29.

On September 13, 2023, the Court received Plaintiff's handwritten request for the Court to allow him some way to file responsive pleadings via email. Dkt. No. 30. On September 25, 2023, the undersigned entered an order, giving Plaintiff the option of emailing properly attached and signed pleadings, motions, or other papers for filing in the above case. Dkt. No. 31 at 2-3 (advising Plaintiff that pleadings, motions, and other papers cannot be in the form of an email; rather, they must be signed and attached in pdf format to an email sent to the Clerk of the Court and further advising that until further order of the Court Plaintiff may either (1) sign and mail copies of his handwritten/typed pleadings, motions, or other papers to the Court; or (2) email attached handwritten/typed pleadings, motions, or other papers (signed and in PDF format) to the Clerk of the Court at newcasetxk@txed.uscourts.gov).

***September 26, 2023 Order Adopting R&R, ordering Plaintiff to amend his complaint***

On September 26, 2023, the District Judge entered an Order adopting the R&R as the findings and conclusions of the Court. Dkt. No. 32. The District Judge dismissed Plaintiff's sex discrimination claim without prejudice and ordered Plaintiff to file, within twenty days from receipt of the Order, an amended complaint with sufficient allegations to state plausible claims for age discrimination and color/national origin discrimination to satisfy Federal Rule of Civil Procedure 12(b)(6). Plaintiff was advised that failure to file an amended complaint that corrects the deficiencies described in the July 18, 2023 R&R within the time prescribed would result in the dismissal of Plaintiff's above-captioned case. As of this date, Plaintiff has failed to amend as ordered by the Court.

## **STANDARD OF REVIEW**

Courts are to liberally construe the pleadings of a *pro se* party, taking all well-pleaded allegations as true. *Johnson v. Atkins*, 999 F.2d 99, 100 (5th Cir. 1993). "[A] *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106

(1976)). But "even a liberally-construed *pro se* ... complaint must set forth facts giving rise to a claim on which relief may be granted." *Levitt v. Univ. of Texas at El Paso*, 847 F.2d 221, 224 (5th Cir. 1988) (citing *Bounds v. Smith*, 430 U.S. 817, 825 (1977)).

Additionally, pursuant to Federal Rule of Civil Procedure 41(b), a court may order the dismissal of an action "[i]f the plaintiff fails to prosecute or to comply with these rules or a court order." FED. R. CIV. P. 41(b); *see also* Local Rule CV-41 (authorizing the district court to dismiss an action for want of prosecution *sua sponte* whenever necessary to achieve the orderly and expeditions disposition of cases); *Larson v. Scott,* 157 F.3d 1030, 1031 (5th Cir. 1998); s*ee generally McCullough v. Lynaugh*, 835 F.2d 1126 (5th Cir. 1988) (a district court may dismiss an action for failure to prosecute or to comply with an order of the court).

## **DISCUSSION**

As explained in the July 18, 2023 R&R and September 26, 2023 Order adopting the R&R, Plaintiff's complaint fails to state plausible claims for age and color/national origin discrimination. The Court has allowed Plaintiff an opportunity to amend his complaint to provide additional facts, if true, that would support such claims against Defendant. The Court has also accommodated Plaintiff's requests to receive electronic notice from the Court and to allow Plaintiff to mail or email attached, signed pleadings to the Clerk of the Court.

In the September 26 Order, the District Judge ordered Plaintiff to amend his complaint with sufficient allegations to state plausible claims for age discrimination and color/national origin discrimination to satisfy Federal Rule of Civil Procedure 12(b)(6) and to do so within twenty days of receipt of the Order. Plaintiff was specifically advised that failure to file an amended complaint within the time prescribed would result in the dismissal of Plaintiff's above-captioned case. It has been over twenty days since the September 26 Order, and Plaintiff has not filed an amended complaint as ordered by the Court, despite the fact that he has been advised in two separate opinions that failure to amend would result in a recommendation that the above case be dismissed (Dkt. Nos. 22, 32).

The Court concludes that the above case should be dismissed with prejudice for failure to state a claim and also for failure to amend as ordered. Accordingly, it is

**RECOMMENDED** that the above-entitled and numbered cause of action be **DISMISSED WITH PREJUDICE**.

## Objections

Within fourteen (14) days after service of the magistrate judge's report, any party must serve and file specific written objections to the findings and recommendations of the magistrate judge. 28 U.S.C. § 636(b)(1)(C). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific.

Failure to file specific, written objections will bar the party from appealing the unobjected-to factual findings and legal conclusions of the magistrate judge that are accepted by the district court, except upon grounds of plain error, provided that the party has been served with notice that such consequences will result from a failure to object. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996) (en banc), *superseded by statute on other grounds*, 28 U.S.C. § 636(b)(1) (extending the time to file objections from ten to fourteen days).

SIGNED this the 17th day of October, 2023.

_____
J. Boone Baxter
UNITED STATES MAGISTRATE JUDGE